STANISLAWA KRUSZEWSKI, PLAINTIFF-RESPONDENT, v. ENTERPRISE LOAN AND INVESTMENT COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted January term, 1931—Decided June 29, 1931.

740

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *Fast & Fast* (*Herman L. Fast*, on the brief).

For the defendant-appellant, *Mulligan & Koenig*.

PER CURIAM.

Plaintiff and her husband had owned certain real estate premises in the city of Newark as tenants by the entirety until the defendant purchased the husband's interest in the property at an execution sale held by the sheriff. Thereafter the defendant collected from the tenants of the property $295, being one-half of the rent. Plaintiff received no rent from any source and brought this action to recover a one-half portion of what the defendant had collected. The case comes before us on stipulated facts. Judgment was rendered for the plaintiff in the sum of $147.50. From that judgment defendant appeals and argues on the brief that plaintiff's proper remedy was by a bill of complaint in the Court of Chancery, that the District Court did not have jurisdiction to entertain the case and that the plaintiff is not entitled to recover from the defendant for the reason that the defendant did not collect more than its just share or proportion of the rents.

The present statute providing for an action of account (1 *Comp. Stat.*, p. 8), was passed December 1st, 1794. Section 3 thereof was then (*Pat.* 142, § 3) as it is now: "Actions of account shall and may be brought and maintained by one joint tenant, or tenant in common * * * against the

other, as bailiff, for more than comes to his or her just proportion * * *." It is conceded that the relation between the parties as to the property is that of tenants in common during the joint lives of the plaintiff and her husband. *Zubler* v. *Porter*, 98 *N. J. L.* 444. The first count of the state of demand recites the original ownership of the premises in question by the plaintiff and her husband as tenants by the entirety, the acquisition by the defendant of the husband's share by judgment, execution sale and purchase, the collection by the defendant of certain rents therefrom, the right of the plaintiff as tenant in common with the defendant to the one-half part thereof and the demand therefor. We consider that the pleading stated a legal cause of action under the statute, apprising the defendant of the claim against it and so stating the cause that it might afterwards appear what was decided. *DeJianne* v. *Citizens' Protective Association*, 79 *Id.* 107. The bringing of an action of account in the law courts was sustained in *Willson* v. *Willson*, 5 *Id.* 792. The action had been brought in the Court of Common Pleas and the language of the opinion follows:

"This is a writ of error to Gloucester Pleas in an action of account. This form of action is, in itself, very difficult, dilatory and expensive; it has long since fallen into disuse, in a great measure, in England; and in New Jersey, I have never known, nor heard of, more than two or three cases, either in my own time, or before; and I doubt whether even they were carried through to final judgment. Hence, we have but few precedents to guide us in a suit of this kind, and these few, of pretty ancient date; not very intelligible, and still less applicable at this day. In most instances, therefore, the action on the case, which is simple, easy, and well understood, has taken the place of this in the common law courts, and when that did not afford a complete remedy, resort has been had to equity, where confidential concerns and trusts of this kind are more properly cognizable. Still, however, like all other actions, it is open to all; and in some cases, where the expense of a Court of Chancery would be too heavy for the subject-matter, as it must be confessed, under its present

establishment, it frequently would be, it may, also, be necessary."

It may be said now as then that the proceeding is seldom resorted to but that like all other actions it is open to all. Section 30 of the District Court act gives to the District Court jurisdiction of every suit of a civil nature at law where the matter in dispute does not exceed $500. 2 *Comp. Stat.*, p. 1962, § 30; *Tapscott* v. *McVey*, 82 *N. J. L.* 35; *Eisler* v. *Halperin*, 89 *Id.* 278. It seems to follow that the District Court had jurisdiction. It is to be noted that it is the jurisdiction of the District Court that is challenged and not the procedure within that court. The accounting, such as it was, seems to have been done directly before the court. Indeed, the amount collected is admitted, no charges against the fund are alleged, and there appears to be no reason for a discovery or for a further accounting than is contained within the brief stipulation.

The plaintiff, then, had her right of action against the defendant if the latter received more than came to its just share or proportion; which presents the question, what was the defendant's just share or proportion? The defendant relies upon the proposition that the tenants were under obligation to pay twice the amount received by the defendant and that consequently the plaintiff must seek her funds from the tenant and not from the defendant; in other words, that the defendant has received its share and nothing more. We think that that theory is fallacious. The only income or rent received from the property by anybody is the sum of $295 and that was received by the defendant. There may never be any more received. The mere fact that rent is owing does not assure its collection. One tenant in common is entitled to an accounting from the other for the rents actually collected by the latter. *O'Connell* v. *O'Connell*, 93 *N. J. Eq.* 604. The judgment rendered constitutes a finding that on the accounting the defendant was indebted to the plaintiff in the sum of $147.50.

The judgment below should be affirmed, with costs.